Jackson, J.
The Court have heard both these motions together, for the convenience of the parties, and to prevent delay.
The first point to be considered, in the motion for a new trial, is the supposed variance between the declaration and the writing pro duced in evidence. It is never necessary to declare in the precise words of a written promise. It is always allowable, and often necessary, to declare according to their legal effect and import, † In the present case, we have no doubt that the promises contained in the writing were made to the plaintiffs. They are the only persons *240 interested in the subject of the promises, which do not purport to be made to any other person ; and the defendant expressly promises, in the eventrwhich has happened, to pay the money to the plaintiffs. It is like the case of a common promissory note. The words of the note are, “For value received I promise to pay to A B; ” but in the declaration upon such a note it is always alleged that the defendant promised A B to pay him.
* As to the other supposed variance, we are equally satisfied that the declaration comports with the legal effect of the writing. The expression, “ if the execution can be delayed,” as introduced in this paper, is equivalent to saying, “ if you will delay it,” or, “ in consideration that you will delay it.”
The next ground of the motion for a new trial is the supposed misdirection of the judge in instructing the jury that the contract was sufficient in law to support the action. We are all satisfied that this direction was right. We have already said that the contract was made with the plaintiffs; and, indeed, it further appears, from the report, that it was made by the express authority of their agent. Even if the agent had no previous authority to make this contract for the plaintiffs, yet, if the agent proceeds immediately to execute the contract, in any part beneficial to the defendant, or prejudicial to the plaintiffs, and if the plaintiffs afterwards assent to it, and ■ go on further in performance of the contract, it shall bind both parties.
As to the consideration, there is no necessity of deciding, on this occasion, whether it must always be .expressed in the writing, according to the opinion in the case of Wain &f Warlters, because this power does sufficiently express the consideration, (a) It does not appear whether it was of any benefit to the defendant; but it was a prejudice to the plaintiffs, viz., suspending the service of their execution from February to June. It cannot be supposed that, in such a case, the writing should show that the .whole consideration was executed on the part of the plaintiffs. That is obviously im *241 possible in every case where the consideration is a forbearance until a future day.
*240 ADDITIONAL NOTE.
[It has been held, in Connecticut, that the consideration of a written contract need not be expressed therein.— Tingley vs. Cutter, 7 Conn. 291 —F. H.]
*241 But it is said that it does not appear, in this writing, that the plaintiffs agreed to forbear their remedy until June. We know of no rule that requires the contract of the plaintiffs in this case to be contained in the same paper which contains that of the defendant, nor even that the former should be reduced to writing at all. (b) The statute of frauds, *in its most strict con- [*237] struction, would require only the motive, cause, or consideration of the promise to be expressed, so that the court could judge of its sufficiency; not that the same paper should also contain the evidence of the performance, delivery, or receipt of the thing upon which the promise is founded. It is enough if the court can decide, upon inspection of the paper, that the consideration is sufficient in law : it is a question for the jury, whether that consideration has been in fact performed or received. It appears in this case that the plaintiffs, by their agent, did authorize and assent to this contract, and that they have performed it on their part. As this agreement of the plaintiffs is not required to be made in writing, it may, of course, be proved by parol testimony.
As to the amount of damages, we are satisfied that the jury were rightly instructed by the judge. This is not merely an agreement by the defendant to do a collateral thing; nor is the money to be paid by way of penalty for a breach of the contract. We do not consider the damages, thus liquidated by the parties, to be unreason able in the event which was contemplated, and which has since occurred. The defendant has agreed, in a certain event, to pay this sum; and we have no power, in this case, to alter his agreement. (c)
There are two grounds of the motion in arrest of judgment. The first is, that no sufficient consideration for the defendant’s promise is set forth in the declaration. The declaration states that, in consideration that the plaintiffs would delay the service of their execution, the defendant promised ; and then it is averred that the plaintiffs did delay the service accordingly. This appears to us *242 sufficient. It is the usual mode of declaring in such case in the books of entries.
This manner of stating the consideration and the contract is not confined to cases of forbearance. It is not uncommon, in the case of goods sold, to declare that, in consideration that the ( * 238 ] plaintiff would sell and deliver to the defendant * such goods, the latter promised to pay a certain price, and then to aver that he did sell and deliver them accordingly. So, in consideration that the plaintiff would do any other specific thing, and then aver the performance, without alleging that the plaintiff had promised to do it. This is not one of the cases in which it is necessary to state in the declaration mutual promises, as the consideration of each other.†
The other ground of the motion in arrest of judgment at first excited the most doubt in the minds of the Court. It is the want of averring notice to the defendant that the said Barney did not appear at the time and place prescribed, and a special request to the defendant to pay the money.
But, upon further consideration, we are all satisfied that the declaration is in this respect sufficient. The general rule is perfectly well settled. When the matter alleged lies peculiarly in the knowledge of the plaintiff, he must aver that the defendant had notice; but when it lies equally in the knowledge of the defendant, such averment is unnecessary. The case at bar comes within the latter branch of the rule. There was no act to be done exclusively by the plaintiffs. It may even be said that the matter, by which the defendant was to be discharged, was an act to be performed by himself. He promises that Barney shall make his appearance : he undertakes to have him at a day and place certain, and he must know whether he has done so.
But, without going to this length, it is sufficient if the act were to be done by a stranger. The defendant had as good means of information as the plaintiffs, and he was bound to take notice whether Barney made his appearance at the time and place appointed. It was not necessary, then, for the plaintiffs to give him formal notice of the fact; and, of course, it is not necessary to aver such notice in the declaration.
As to the want of averring a special request, we should yield with difficulty to such an objection, after a verdict [ * 239 ] on * the merits of the case. The only use of a spi rial *243 request is to avoid vexatious suits, by giving to the defendant an opportunity of paying an undisputed demand. It is apparent, in the case before us, that it would have been a fruitless ceremony. We are not, however, satisfied that such a request was required by the strictest rules of law. The defendant may be considered as agreeing to do, or cause to be done, one of two things. When he knew that the one was not performed, he became immediately liable to perform the other. The payment of the money became a present duty, as if there had been no alternative in the original contract. In such a case, the general averment of licet scepius requisitus is sufficient.

Judgment on the verdict.

ADDITIONAL NOTE.
[See Ackley vs. Elwell, 5 Halst. 304. — Pickett vs. Cloud, 1 Bail. 362.— Wilhite vs Roberts, 7 Dana, 26. — Bradford vs. Gray, 3 Yerg. 463. — Ewing vs. French, 1 Blackf. 170. — Richards vs. Carl, 1 Blackf. 314.— Traver vs. Holsted, 23 Wend. 66. — Glover vs. Tuck, 24 Wend. 153. — Bush vs. Stevens, 24 Wend. 256. — Jones vs. Gilbert, 33 Conn. 507. — Tinney vs. Ashley, 15 Pick. 546. — Pomroy vs. Gold, 2 Metc. 500. Carroll vs. Peake, 1 Pet. 23. — F. H.]

 ADDITIONAL NOTE.
[Davis vs. Campbell, 3 Stew. 319. — Harrison vs. Weaver, 2 Por. 542. — Pharr vs Bachelor, 3 Alab. (N. S.) 237. — Roysdon vs. Sumner, 2 Pike, 465. — Grannis vs Clark, 8 Cow 36. — Scott vs Leiber, 2 Wend. 479. — Coonley vs. Anderson, 1 Hill. 519. — F. H.]

 [It has since been held, that it is not necessary that the consideration should be expressed in writing. — Packard vs. Richardson & Al., 17 Mass. Rep. 122.— Sed vide contra, Wain vs. Walters, 5 East, 10. — Saunders vs. Wakefield, 5 B. & A. 595. — Jen kins vs. Reynolds, 6 Moore, 86. — 3 Br. & Bingh. 14.—Morley vs. Boothby, 3 Bingh 107. — Atkinson vs. Carter, 2 Chitty, 403.— Lyon vs. Lamb, Fell, on Guar. 239.— Stephens vs. Winn, 2 Nott & M’Cord, 372, in note. — Violett vs. Patton, 5 Cranch, 151, 152. — Wyman vs. Gray, 7 Har. & Johns. 409. — Sears vs. Brink, Z. Johns. 210.-Clark vs. Russell, 3 Dallas, 415. — Leonard vs. Vandenburgh, 8 Johns. 29. — A rea sonable construction of the statute coincides with the preponderating weight of authority. The consideration is not only a part, but a constituent and essential part, of an agreement. — But see Sage vs. Wilcox, 6 Conn. Rep. 81. — Ed.]

i) [See Smith va. Sparroio, 4 Bingh. 84.— Ed.]

 [In Randall vs. Everest, (2 Car. & Pay. 577,) Abbott, C. J., said, “ I am of opinion, and shall act upon that opinion, until I am corrected by a higher authority, that on any agreement for the non-performance of which damages are sought to be recovered, whatever may be the expressions used by the parties, and in whatever mode or form the agreement may be made, whether the stipulation is for a sum to be paid as liquidated damages, or for a sum in the nature of a penalty, the plaintilf shall recover such damages as, upon a view of the whole case, the jury shall think fit to give, and no more. I wish my observations to be understood as not applying to agreements under seal.” — Ed.]

 ADDITIONAL NOTE.
Pee Berry vs. Harper, 4 Gill & J. 469. — Russell vs. Slade, 12 Conn. 455. — H.]