IN JANUARY TERM, 1819, IN THE FORTY-THIRD YEAR OF OUR
INDEPENDENCE.

———◆———

MEMORANDUM.—*During the last vacation*, Mr. Chief
Justice THOMPSON *resigned his seat on the Bench of this
Court, having been appointed* Secretary of the Navy of the
United States.

———

E. *Williams* inquired of the Court in whose name the
writs issued during the term, were to be *tested*, the office
of *Chief Justice* being vacant. He observed, that the 31st
article of the Constitution required all writs to be tested
" in the name of the Chancellor, or Chief Judge of the
Court from whence they shall issue."

*The Court* said, that the writs must be tested in the name
of the senior Judge.

*When the office of Chief Justice is vacant, writs may be tested in the name of the senior judge.*

———◆※◆———

### HULSE *against* YOUNG.

IN ERROR, on *certiorari* to a Justice's Court.
The defendant in error brought an action, in the Court
below, against the plaintiff in error, for goods sold and de-
livered. The goods in question were the property of one

*An auctioneer who sells the goods of a third person, may maintain an action in his own name for the price.*

ALBANY,
January, 1819.

DELAMATER
v.
SMITH.

*Murray*, and were sold by the plaintiff below as an auctioneer. The defendant below objected, that the plaintiff could not maintain the action, and moved for a nonsuit, which the justice denied, and left the cause to the jury, who found a verdict for the plaintiff below.

*Per Curiam.* The single question is, whether the auctioneer could, in this case, maintain a suit in his own name; and there can be no doubt that the action well lies. The case of *Williams* v. *Millington,* (1 *H. Black. Rep.* 81.) is a very strong authority in favour of the auctioneer's right to sue in his own name, though the sale is at the owner's house, and the goods were known to be his property. Lord *Loughborough,* Ch. J., held, that the auctioneer had a possession of the goods, coupled with an interest in them, and not a bare custody, like a servant or a shopman, and that it made no difference whether the sale be on the owner's premises, or in a public auction room; for, in both cases, there is an actual possession by the auctioneer, not merely an authority to sell. He held, too, that the auctioneer had a special property in him, with a *lien* for the charges of the sale, the commissions, and the auction duty, which he was bound to pay; and that if the goods were delivered without payment, the auctioneer gave credit to the vendee at his own risk. We cannot find that this case has ever been questioned.

Judgment affirmed.