## KNIGHT *vs.* SAWIN.

Where one requested permission to bring an action for his own benefit, in the name of another, against a third person, to recover a debt supposed to be due, promising to indemnify the nominal plaintiff against all damages; such promise was held lawful and binding, being neither against good morals nor public policy, nor within the statute of frauds.

*Assumpsit,* on a promise of indemnity. The plaintiff declared, in his writ, that the defendant, in consideration that the plaintiff would permit him to commence and prosecute an action for his own benefit, but in the plaintiff's name, against one *Eunice Warren,* promised the plaintiff to indemnify him against all costs and damages which he might thereby sustain; and alleged that the defendant did thereupon commence such suit, which terminated against the plaintiff, and subjected him to the payment of a large bill of costs.

At the trial before the Chief Justice, it appeared that the defendant, being the proprietor of a stage coach, had occasionally transported a minor son of Mrs. *Warren,* living with *Knight,* and whose fare amounted to four dollars. Afterwards the defendant settled an account with her, and passed receipts; but forgot to charge her with her son's stage fare; and thereupon applied to *Knight* for leave to bring an action against her in his name for the amount, as money paid by him; to which *Knight,* after some objection, consented, upon *Sawin's* promise of indemnity. But the defendant in that suit prevailed.

The counsel for the present defendant contended that the consideration of the promise was illegal; but the Chief Justice ruled otherwise; and the jury under his direction returned a verdict for the plaintiff, which was taken subject to the opinion of the court upon the point taken at the trial.

*R. Belcher,* for the defendant, argued that the promise was void for want of sufficient and legal consideration; because, 1st, the prosecution was of the nature of a malicious suit. *Commonwealth v. Judd,* 2 *Mass.* 526; *Commonwealth v. Warren,* 6 *Mass.* 74; *Com-*

46

monwealth v. Davis, 9 Mass. 415 ; Commonwealth v. Fisher, 5 Mass. 106 ; Denny v. Lincoln ib. 385 ; 4 Mass. 93 ; Swett v. Poor, 11 Mass. 549 ; Worcester v. Eaton ib. 369. 2. It was a fraud on a third person. Boynton v. Hubbard, 7 Mass. 112. 3. It was against public policy. 16 Mass. 322 ; Churchill v. Perkins, 5 Mass. 541 ; Barbour v. Porter, 5 Mass. 395 ; Wheeler v. Russell, 17 Mass. 258 ; Thurston v. Percival, 1 Pick. 50 ; Coolidge v. Blake, 15 Mass. 429 ; Russell v. Degrand ib. 35 ; 8 Mass. 46 ; 14 Mass. 322. 4. The promise was without any consideration, and amounted to a wager. Balkham v. Craigin, 5 Pick. 295 ; 7 Mass. 112. 5. It was not in terms, nor of necessity, to be performed within a year ; but was unlimited ; and so was void by the statute of frauds.

Longfellow, for the plaintiff.

MELLEN C. J. delivered the opinion of the Court.

There seems to be neither fairness nor justice in the defence of this action ; and the question is whether it is founded on legal principles. We are called upon to decide whether the action could be maintained, which the defendant brought against Mrs. Warren in the name of the plaintiff. It seems it was not maintained ; and in consequence of its failure a bill of costs was recovered by her against the plaintiff, which he has been compelled to pay ; and by the verdict it is found that the defendant promised to indemnify and save him harmless from the loss he has sustained. This promise the defendant contends was never binding upon him. It is said to have been made without any consideration ; or if on any, that the consideration was illegal, or not binding ; also that the promise is within the statute of frauds. This last objection needs no answer ; and the same may be said as to the objection that the contract amounted to a wager. Neither can it be pretended that there was no consideration ; because the permission given to the defendant by the plaintiff to commence and pursue the action in his name against Mrs. Warren amounted to one. It is a sufficient consideration to support a contract, if the party, in whose favor the contract is made, forego some

advantage, or incur an expense, or suffer some loss, in consequence of his placing confidence in the undertaking of the other party. *Sumner v. Williams & al.* 8 *Mass.* 200; *Lent & al. v. Padelford,* 10 *Mass.* 230; *Foster v. Fuller,* 6 *Mass.* 58. The remaining inquiry is whether the consideration is illegal, or against good morals or public policy. It is said that the contract amounts to champerty; but the facts disprove this. It is contended that the action to which the contract related amounted to a malicious prosecution. If it did, a malicious prosecution is not an indictable offence; though it is good ground for recovering damages in a civil action. But if it was a malicious action and without probable cause, it was commenced and prosecuted by the defendant himself, and for his own exclusive benefit, under a permission reluctantly given at his special request; and with a view of assisting the defendant to recover a sum supposed to be justly due from Mrs. *Warren.* Considering the motives of the plaintiff in the transaction, the defence is made with an ill grace by the very man who has been the cause of all the unpleasant consequences which have followed. We have not, however, any *data* on which we can pronounce the action against Mrs. *Warren* as an intended malicious prosecution; if there was not probable cause, it is a question of fact whether a malicious suit was the object, and no such fact appears in the case. The cases cited by the defendant's counsel essentially differ from this. In those, the promise declared on was directly against law, or made to indemnify an officer for a breach of duty, or to do some act contrary to good morals, or as a compensation to another for doing such action. Suppose A fairly sells a lot of land to B, of which A was at the time of conveyance disseised, though he was not then aware of the fact; and A permits B to bring an action in his name to recover the land, on B's promise to indemnify A and save him harmless from all costs; is such a promise unlawful? Is it not binding? " All contracts fairly made, upon a valuable consideration, which infringe no law, and are not repugnant to the general policy of the law, or to good morals, are valid, and may be enforced, or damages recovered for the breach of them." *Lord v. Dale,* 12 *Mass.* 115. There must be

*Judgment on the verdict.*