## JOSEPH H. WILLIAMS & others *vs.* THE OCEAN INSURANCE COMPANY.

By a policy of insurance on a vessel, A. was insured for whom it concerned ; and it was stated on the back of the policy, that it was understood that the insurance attached for A. B. & C., each one third, payable to A. : It was stipulated in the policy, that in case of loss, such loss should be paid, &c. " all sums, due to the insurers from the insured, being first deducted."

*Held,* that A. B. & C. might join in an action on the policy.

*Held* also, that the defendants could not set off against B. & C. any debt due to the defendants from A. alone.

THIS was an action of assumpsit, brought by J. H. Williams, G. Adams, and S. G. Bridge, to recover the amount of an alleged loss upon the brig Draco, insured by the defendants, at and from Boston to Sydney in New South Wales, and at and

from thence to her port of discharge in the United States. The policy bore date August 26th, 1836, and caused to be insured S. G. Bridge, for whom it concerned, $8000, on said brig, &c. and was indorsed as follows : " Sept. 10, 1836. It is understood that the within insurance attaches for S. G. Bridge, George Adams and J. Hartwell Williams, one third each, payable to S. G. Bridge. Joseph H. Adams, Prest."

This provision was in the policy : " In case of loss, such loss shall be paid in sixty days after adjustment thereof; the amount of the premium note, if unpaid, and all sums due to the company from the insured, when such loss becomes due, being first deducted, and all sums coming due being first paid or secured to the satisfaction of said president and directors, they discounting interest for anticipating payment."

The first count in the declaration was upon the policy, alleging a loss in the usual form. The second count was upon an award, alleged to have been made by N. G. Snelling, in pursuance of a submission by the plaintiffs and defendants of the questions arising between them under said policy ; by which said Snelling had decided that the plaintiffs were entitled to recover a certain amount therein stated.

At the trial before *Morton,* J. the defendants did not deny the loss alleged in the declaration nor their liability therefor under the policy, and the award ; but they insisted that the action should have been brought by Bridge alone ; and also, that if the action were rightly brought, yet that they might set off, against the amount which the plaintiffs could recover, demands which they held against Bridge.

It was testified by a clerk in the office of the defendants, that Bridge applied to the defendants for the insurance in the policy in suit, and that they dealt with him in the procurement of it : That Bridge had since given to the defendants a receipt for $1039·86, money received of them, for which he promised to account : That this receipt was taken by the defendants in lieu of a note which Bridge had given them for a policy on the Diaco, underwritten a year or eighteen months previously to the policy now in suit, and for the additional premium due on said

first policy : That the witness had often demanded of Bridge the amount of said receipt, who pretended that he had claims on the office for losses, and that when they were settled, this note, &c. should be paid ; and that the witness knew no other losses, for which Bridge had a claim, besides this upon the Draco, under the policy on which this action was brought.

It was admitted that when the premium note was given, which was taken up by said receipt for $ 1039·86, viz. on the 10th of October, 1834, said Bridge & Adams, one Osborn, and one Knowles, were the owners of said brig.

Within the year next preceding the trial, Bridge took the benefit of the insolvent act of this Commonwealth — *St.* 1838, *c.* 163.

The questions as to the plaintiffs' right to maintain the action, and the defendants' right of set-off, were reserved for the consideration of the whole court.

*C. G. Loring & Dehon*, for the plaintiffs.

*Crowninshield*, for the defendants.

WILDE, J. Two questions only have been submitted to the consideration of the court ; the first relating to the form of the action, and the other to the defendants' right of set-off.

In the first place, it is objected, that the action should have been brought in the name of Bridge alone, to whom, by the policy, the loss was made payable ; and 2d, that if the action were rightly brought, the defendants have a right to set off the demands which they have against Bridge, to the extent of the loss.

1. The first question, we think, is settled, and on satisfactory principles, by the case of *Farrow* v. *Commonwealth Ins. Co.* 18 Pick. 53, and the cases there cited. The plaintiffs were the party insured, and the defendants' promise must be considered as made to them, although the loss was payable to Bridge. But he had no interest in the policy, except as part owner ; and by the indorsement on the policy, it is expressly stipulated that "the insurance should attach for the plaintiffs, one third each, payable to S. G. Bridge." But if this indorsement had not been made, we think it quite clear that this action might be well

maintained. Bridge was insured " for whom it may concern ; " and on such a policy, unquestionably the owners of the property insured may maintain an action in their own names, to recover a loss. So a person having only a special interest in the property may maintain an action, if the policy were made on his behalf ; as was decided in *Pacific Ins. Co.* v. *Catlett*, 4 Wend. 79. Generally, a person for whose benefit a promise is made may maintain an action upon it, especially if the promise be made to the agent of the party suing. Com. Dig. Action of Assumpsit, E. a. 1 Chit. Pl. 5. 6. *Felton* v. *Dickinson*, 10 Mass. 287 *Arnold* v. *Lyman*, 17 Mass. 405.

Bridge, in procuring the policy, acted as principal, as to his own share of the vessel, and as agent of the other owners, as to their shares. The contract, therefore, is to be construed as a contract between the defendants and the owners of the vessel.

In *Farrow* v. *Commonwealth Ins. Co.* 18 Pick. 53, it was decided that the action in that case might have been brought in the names of the insurance brokers, for the benefit of the owners ; or it might be brought in the names of the owners. The rule, we think, is correctly laid down by Bayley, J. in *Sargent* v. *Morris*, 3 Barn. & Ald. 280, 281. " If an agent acts for me and on my behalf, but in his own name, then, inasmuch as he is the person with whom the contract is made, it is no answer to an action in his name, to say, that he is merely an agent, unless you can also show, that he is prohibited from carrying on that action by the person on whose behalf the contract was made." And he adds, that in policies of insurance, it is a common practice to bring the action " either in the name of the party by whom the contract was made, or of the party for whom the contract was made." And such has been the practice in this Commonwealth. *Lazarus* v. *Commonwealth Ins. Co.* 5 Pick. 76. And the same rule of law is laid down in *Williams* v. *Millington*, 1 H. B. 81, in respect to contracts with factors, carriers, and auctioneers. See also *Hulse* v. *Young*, 16 Johns. 1. *Girard* v. *Taggart*, 5 S. & R. 27.

2. As to the defendants' right of set-off, we think that also is a well settled question. The point is very fully discussed,

and the authorities are referred to in the case of *Hurlbert* v. *Pacific Ins. Co.* 2 Sumner, 472. In that case it was decided, that where an insurance was effected by an agent, for the benefit of whom it concerned, and a loss was incurred, and the agent brought an action against the underwriters in his own name, for the benefit of the owners of the ship, the defendants could not set off any debt, due from the agent in his own right, against the amount claimed for the loss. That decision seems to be well sustained by the authorities, and upon satisfactory principles. That case turned, as this does, upon a clause in the policy, by which it was agreed, in case of loss, that all sums due to the underwriters from the insured should be deducted from the claim for the loss. So that the only question is, who are " the insured," within the true intent and meaning of the policy. And in the present case, the answer is clear of all doubt. It is expressly agreed, by the indorsement on the policy, that it should attach for the owners. And this would have been the construction of the contract, if no such indorsement had been made. The indorsement was not made for the purpose of changing, in any respect, the terms of the contract ; but it merely declared who were the persons insured ; their names and interests not having been inserted in the policy. And it appears by the evidence, that no party, except the owners of the vessel, had any insurable interest, or any concern, in the property insured.

We are therefore of opinion that the defendants have no right of set-off, except against the share of Bridge. Thus far their claim is well founded, and is admitted. For although the contract is joint, the plaintiffs' interests are separate and distinct ; and if the defendants had separate demands against each of the plaintiffs, they might be set off according to the true meaning of the policy. But it does not appear by the evidence that the defendants have any claim against either of the plaintiffs besides Bridge. If they ever had any claim upon Adams, it appears to have been relinquished by taking the security of Bridge. At all events, the defendants have not proved that they have a sub-

sisting claim against Adams, and it cannot be inferred from the facts reported, if it were competent for the court to make the inference.

*Judgment for the plaintiffs.*