This action is brought to recover from the defendant the amount due upon his subscription to the stock of the company. The charter of this company was granted by the Legislature in 1833, and in 1835 the *Page 279 
capital stock was increased, and at the session of the Legislature, 1836-'37, a joint resolution was passed, authorizing the Public Treasurer to subscribe for two-fifths of the stock, when three-fifths had been taken by private individuals. In consequence of this pledge on the part of the State, the books were opened again, and new stock created, and the defendant subscribed for thirty shares. The contract between (392) the company and the new subscribers was as follows: after reciting the promise on the part of the State to take two-fifths on the condition specified, the subscribers take each the number of shares annexed to their names, agreeably to the terms of the charter: "Provided, however, that if a sufficient subscription is not obtained to secure the subscription of the State within twelve months from this date, each of us may, if we thinkproper, withdraw his subscription and be entitled to receive back whatever sum may have been advanced thereon within twelve months from this time — 1 February, 1837." Between February, 1837, and February, 1838, the defendant paid several installments on his stock, and one in March, 1838, and was, from time to time, notified to pay other installments, which he neglected to do, and this suit was commenced in 1843, to recover the balance due on his subscription. The writ issued 30 March, 1843. The plaintiffs produced no evidence to show that within the twelve months, as specified in the articles of subscription, three-fifths of the stock had been taken by private subscribers, so as to insure the taking by the State of two-fifths. The presiding judge was requested, on behalf of the defendant, to charge the jury that the true construction of the terms of the subscription was that in case the requisite amount of subscription to the road, to secure the State's subscription was not obtained within twelve months from 1 February, 1837, then the defendant was not bound by his subscription, and was entitled to their verdict. His honor refused so to charge the jury, but instructed them that by the terms of the subscription, if the State's subscription was not secured within the twelve months specified, then the defendant was at liberty, at any time before 1 February, 1838, to dissent from his subscription, but not after that time.
The jury found a verdict for the plaintiff, and the defendant appealed.
This is not a case of pleading, but its rules will throw much light upon the question submitted to our decision. (393) The instruction prayed for is based upon the supposition that the procuring the three-fifths subscription within the twelve months was a condition precedent to the defendant's being bound to pay for the stock *Page 280 
he took. If it was a condition precedent, then the plaintiffs were bound to set it forth in the declaration, and aver its fulfillment or show some cause for its nonperformance. 1 Chit. Pl., 310. It is true that in every action upon a contract, whether under seal or by parol, the contract must be substantially set forth, that is, it is sufficient to show the substance and legal effect: 1 Chit. Pl.; Lent v. Pendleford, 10 Mass. 230. Nor is it requisite to set forth more of the contract than the portion the breach of which is complained of. 1 Chit. Pl., 299; 4 Taunt., 285;Tempest v. Ranling, 13 East., 18. In the latter case Lord Ellenborough
says: "It is enough to state that part truly which applies to the breach complained of, if that which is omitted, do not qualify that which is stated." Howell v. Richards, 11 East., 638, is to the same effect. If the portion of the contract omitted is important to the plaintiffs' case, the defendant may take advantage of it under the general issue, as a fatal variance. The part of the contract here omitted neither qualifies the contract nor discharges, of itself, the liability of the defendant. The contract is not that the failure to secure the State's subscription of two-fifths should make void the defendant's liability; but it gives him the right, if he choose to exercise it, of discharging himself by withdrawing the subscription within a limited time and demanding the money he may have paid. The failure of the State's subscription does not discharge him; he must discharge himself. The error consists in not distinguishing between a proviso and an exception. A proviso is properly the statement of something extrinsic to the subject matter of the contract, which shall go in discharge of the contract, and, if it is a covenant, by way of defeasance. An exception is the taking some part of the subject matter of the contract out of it. A proviso need not be (394) stated in the declaration, for this, says Mr. Chitty, ought to come from the other side. 1 Saunders, 334, n. 2. Sir RichardHotham v. East India Company, 1 Term, 645. In the latter case,Ashurst, J., in speaking of the circumstance which was omitted in the declaration, observes. "This, therefore, being a circumstance, the omission of which was to defeat the plaintiffs' right of action, once vested, whether called by the name of a proviso, by way of a defeasance, or a condition subsequent, it must in its nature be a matter of defense, and ought to be shown by the defendants." How stands this case? The defendant had subscribed for thirty shares of stock, and had neglected to pay up the installments as they fell due. This was admitted. Here then was a breach on his part, and a right of action vested in the plaintiffs. How was this vested right to be divested? By its being made to appear that the subscription of the State had not been secured in the required time. And, according to Justice Ashurst, it was either a proviso or condition subsequent, to be shown by the defendant, and could *Page 281 
not be a condition precedent. Neither is it an exception, according to the definition of Williams, in his note to Saunders, 334, n. 2. It is not a taking out of the covenant or contract some part of the subject matter. Thus, in Tempany v. Burmand, 4 Camp, 20, the plaintiff declared upon an absolute covenant in a lease to return the premises at the end of the term, in as good plight and condition as they were at the time of making the indenture. Upon the production of the indenture, the covenant was qualified by the words, "fire and all other casualties excepted." The plaintiff was nonsuited on the general issue, for the variance. So inLangston v. Corney, 4 Campbell, 177, the plaintiff declared upon an absolute acceptance on a bill of exchange. The evidence showed a conditional acceptance. Gibbs, Chief Justice, declared the plaintiff could not recover on that count. Now in each of these cases, a part of the subject matter was taken out of the contract. In the first case, the destruction of the premises by fire or other casualty, was taken out in fixing the defendant's liability; and in the other, the condition upon which the defendant gave his acceptance; and it was necessary (395) for the plaintiff in his declaration, as there were exceptions, to allege and show that they did not exist. We are of opinion, then, that the court could not have given the instruction requested, because procuring the subscription of the State was not a condition precedent to the liability of the defendant; and, therefore, he was not discharged, because it was not secured in the time specified. It was a condition subsequent, or rather a proviso, the benefit of which could have been claimed by the defendant, if he had thought it to his interest to do so and availed himself of the privilege in proper time.
The proviso is, if the subscription of the State is not secured in twelve months from 1 February, 1837, then, not that the defendant's subscription shall be null and void, but that the defendant shall be atliberty to withdraw his subscription within the same time. The charge of his honor upon this part of the case, we think erroneous, and, if it was or could be, under the circumstances, injurious to the defendant, we should feel ourselves constrained to grant him a new trial. The company, the plaintiffs, had until the close of the last day of the twelve months to secure the subscription of the State, and although, by the terms of his contract, the defendant was called on to withdraw his subscription within the same period, yet the law will allow him a reasonable time after the lapse of the year to avail himself of it. He could not immediately ascertain the fact. One month after the expiration of the time, to wit, in March, 1838, he paid up another installment. Five years thereafter, he is sued for the installment still due, and in all this time he has not exercised the right he had reserved to himself, of withdrawing his subscription and demanding of the company the money he had *Page 282 
previously paid, nor has he yet done it; but, from anything disclosed in the case, is now in the enjoyment and exercise of all the rights and privileges of a stockholder. The proviso was inserted for his benefit; there is nothing in it compulsory on him. He was at liberty to (396) take advantage of it, if he chose. He has not done so. He has made his election to retain his stock, as being his interest, and comes now too late, to ask to be discharged.