*393 Nash, J.
This is not a case of pleading, but its rules will throw much light upon the question submitted to our decision. The instruction prayed for is based upon the supposition, that the procuring the three-fifths subscription within the twelve months, was a condition precedent to the defendant’s being bound to pay for the stock he took. If it was a condition precedent, then the plaintiffs were bound to set it forth in the declaration, and aver its fulfilment, or show some cause for its non-performance. 1 Chit. Pl. 310. It is true that in every action upon a contract, whether under seal or by parol, the contract must be substantially set forth, that is, it is sufficient to show the substance and legal effect: 1 Chitty on Pleading. Lent and another v. Pendleford, 10 Mass. Rep. 230. Nor is it requisite to set forth more of the contract than the portion, the breach of which is complained of; 1 Chit. on Pleading, 299. 4 Taun. 285. Tempest v. Ranling, 13 East. 18. In the latter case, Lord Ellenborough says, “ It is enough to state that part truly, which applies to the breach complained of, if that, which is omitted3 do not qualify that which is stated.” Howell against Richards, 11 East. 638, is to the same effect. If the portion of the contract omitted is important to the plaintiffs’ case, the defendant may take advantage of it under the general issue, as a fatal variance. The part of the contract, here omitted, neither qualifies the contract, nor discharges, of itself, the liability of the defendant. The contract is not, that the failure to secure the State’s subscription of two fifths should make void' the defendant’s liability ; but it gives him the right, if he choose to exercise it, of discharging himself by withdrawing the subscription within a limited time, and demanding the money he may have paid. The failure of the State’s subscription does not discharge him; he must discharge himself. The error consists in not distinguishing between a proviso and an exception. A proviso is properly the statement of something extrinsic of the subject matter of the contract, which shall go in discharge of the contract, and, if it is a covenant, by way of defeasance. An exception is the taking some part of the subject matter of the *394 contract out of it. A proviso need not be stated in the decla-ra^i°n> f°r this, says Mr. Chitly, ought to come from the other side. 1 Saunders, 334, n. 2. Sir Richard Hotham and others against The East India Company, 1 Term, 645. In the latter case, Ashtjrst justice, in speaking of the circumstance which was omitted in the declaration, observes, “ This, therefore, being a circumstance, the omission of which was to defeat the plaintiffs right of action, once vested, whether called by the name of a proviso, by way of a defeasance, or a condition subsequent, it must in its nature be a matter of .de-fence, and ought to be shown by the defendants.” How stands this case 1 The defendant had subscribed for thirty shares of stock, and had neglected to pay up the instalments as they fell due. This was admitted. Here then was a breach on his part, and a right of action vested in the plaintiffs. How was this vested right to be divested ? By its being made appear that the subscription of the State had not been secured in the required time. And, according to Justice Ashuest, it was either a proviso or condition subsequent, to be shewn by the defendant, and could not be a condition precedent. Neither is it an exception, according the definition of Mr. Williams, in his note to Saunders : 1st Vol. 334, in 2. It is not a taking out of the covenant or contract somopart of the subject matter. Thus, in Tempany v. Burmand, 4 Camp. 20, the plaintiff declared upon an absolute covenant in a lease to return the premises at the end of the term, in as good plight and condition as they were at the time of making the indenture. Upon the production of the indenture, the covenant was qualified by the words, “fire and all other casualties excepted.” The plaintiff was nonsuited on the general issue, for the variance. So in Langston v. Corney, 4 Campbell, 177, the plaintiff' declared upon an absolute acceptance on a bill of exchange. The evidence showed a conditional acceptance. Gibbs, Chief Justice, declared the plaintiff could not recover on that count. Now in each of these cases, a part of the subject matter was taken out of the contract. In the first case, the destruction of the premises by fire or other casualty, was taken out in *395 fixing the defendant’s liability; and in the other, the Condition upon which the defendant gave his acceptance; and it was necessary for the plaintiff in his declaration, as there were exceptions, to allege and show that they did not exist, We are of opinion, then, that the court could not have given the instruction requested, because procuring the subscription of the State was not a condition precedent to the liability of the defendant ; and. therefore, he was not discharged, because it was not secured in the time specified. It was a condition subsequent, or rather a proviso, the benefit of which could have been claimed by the defendant, if he had thought it his interest to do so, and availed himself of the privilege in prosper time.
The''proviso is, if the subscription of the State is not secured in twelve months from the 1st of February, 1837, then, not that the defendant’s subscription shall be null and void, but that the defendant shall be at liberty to withdraw his subscription within the same time. The charge of his Honor upon this part of the case, we think erroneous, and, if it was or could be, under the circumstances, injurious to the defendant, we should feel ourselves constrained to grant him a new trial. The company, the plaintiffs, had until the close of the last day of the twelve months, to secure the subscription of the State , and although, by the terms of his contract, the defendant was called on to withdraw his subscription within the same period, yet the law will allow him a reasonable time, after the lapse of the year, to avail himself of it. He could not immediately ascertain the fact. One month after the expiration of the time, to wit, in March, 1838, he paid up another instalment. Five years thereafter, he is sued for the instal-ments still due, and in all this time he has not exercised the right he had reserved to himself, of withdrawing his subscription and demanding of the company the money he had previously paid, nor has he yet done it; but, from any thing disclosed in the case, is now in the enjoyment and exercise of all the rights and privilege of a stockholder. The proviso was inserted for his benefit; there is nothing in it compulsory on *396 him. He was at liberty to take advantage of it, if he chose. He has not so done. He has made his election to retain his . . , stock, as being his interest, and comes now too late, to ask to be discharged.