Johnson v. Wilmarth.

---

## ABIGAIL JOHNSON *vs.* SARAH L. WILMARTH.

J., holding a note against W., who died solvent, and of whose estate his son G. was administrator, demanded payment of the note from G., and threatened to put it in suit, if it were not paid : A sale of W.'s real estate was necessary, in order to pay his debts, and a sale thereof, when this demand was made, would have been at a sacrifice : S., the widow of W., for the sake of preventing such sacrifice, guarantied payment of the note, and received from G. a deed of his share of W.'s real estate ; and J. forbore to sue on the note, but did not give S. notice that G. had not paid it : After a suit against G., as administrator, was barred by the statute of limitations, (Rev. Sts. *c.* 66, § 3,) J. sued S. on her guaranty. *Held,* that the guaranty was on a sufficient consideration, and that the omission to give S. notice of non-payment by G. furnished no defence to the suit, as she was not prejudiced by such omission

ASSUMPSIT on a guaranty of the following note: "Taunton, April 1st 1840. For value received, I promise to pay Abigail Johnson thirty five hundred and fifty five dollars, on demand, and interest. Dan Wilmarth." The guaranty was on the note, and was thus: "August 13th 1844. I guarantee this note. Sarah L. Wilmarth."

The trial was before *Hubbard*, J. whose report thereof was as follows: "It was agreed that Dan Wilmarth, the maker of the note, died in about a year after it was given, and that administration on his estate was granted to his son, George L. Wilmarth, June 21st 1841, who duly gave notice of his appointment, and perpetuated the evidence of it in the probate court, September 6th 1841, in pursuance of the provision of the Rev. Sts. *c.* 66, §§ 1, 2 ; that the said Dan Wilmarth left estate sufficient to pay all his debts; that the defendant is his widow, and that dower was assigned to her, in her husband's estate, in June 1843 ; that the plaintiff received some small payments on the note, before the date of the guaranty: the first, November 2d 1841, and the last, September 8th 1843 ; in the whole not varying much from the interest due on the note.

"It appeared in evidence, that the plaintiff, in 1842, made known her intention of suing the note, if it should not be paid; that this was told to the administrator, and that the defendant was also informed of it, at the plaintiff's request, in June 1844, and that the defendant then said she was willing to do what she ought to do and was able to do, to prevent a suit ; that she said they were dependent on the sale of the real estate, and that to sell it at that time, would be attended with much sacrifice ; that she signed the guaranty in the August following ; that no particular proposition was stated at the time of her so signing the guaranty; but that she said she put her whole confidence in George (the administrator) as to the management of the business, and if her signature would prevent a sacrifice of the property, she was willing to do it ; that she showed the writing to George, on his coming in, and asked him if it was correct, and upon his saying that

it was, she signed it, George and she saying that their inten-
tion was to sell the property some time in the next spring;
and that the agent of the plaintiff, immediately afterwards,
delivered the note to her.

"It also appeared in evidence, that the administrator, on
the 7th of December 1844, paid $500 on the note, and
$145·58, on the 20th of January 1845, and $100, on the 10th
of January 1846.

"A deed from George L. Wilmarth to the defendant, dated
May 3d 1841, conveying to her all his interest in the real
estate of his father, was put into the case by the plaintiff.

"It was admitted that the note, which was the subject of
the guaranty, was barred by the statute of limitations. Rev.
Sts. c. 66, § 3.

"The defendant objected that the plaintiff was not entitled
to recover : First, because there was no agreement to for-
bear a suit upon the note, and so the defendant's promise was
without consideration. Second, that if there was any agree-
ment to forbear, it was for no specified term of time, and
therefore that, before an action can be maintained on the
guaranty, a demand must be made on the defendant; and
that no demand was proved. Third, that the plaintiff not
having sued the administrator within four years from the
taking of the letters of administration, the demand against
the estate was lost before the commencement of this suit, and
the defendant is therefore not now answerable, by reason of
the plaintiff's laches ; she having, in consequence thereof,
lost all claim upon the estate, in case a recovery should be
had against her in this action.

"Upon the foregoing evidence and admissions, the judge
directed a verdict for the defendant. If this direction was
erroneous, and justice requires it, the verdict is to be set
aside, and a new trial granted ; otherwise, the verdict is to
stand."

N. Morton, for the plaintiff. The words of the guaranty
were an absolute assumption and promise to pay the debt
secured by the note. It was also a written promise, within

the meaning of the statute of frauds. And the facts show two grounds of consideration ; viz. a benefit to the defendant and a detriment to the plaintiff. The sacrifice of the real estate was prevented, and the plaintiff forbore to attach that estate. *Ulen* v. *Kittredge*, 7 Mass. 233. *Smith* v. *Ide*, 3 Verm. 301. *Mason* v. *Pritchard*, 12 East, 227. Story on Notes, §§ 468 – 473. *Upham* v. *Prince*, 12 Mass. 14. *Flagg* v. *Upham*, 10 Pick. 147. *Read* v. *Cutts*, 7 Greenl. 186. *Allen* v. *Rightmere*, 20 Johns. 365. *Breed* v. *Hillhouse*, 7 Connect. 523.

If any thing remained, in order to make the contract absolute — as notice or demand — the defendant cannot defend without showing that she has suffered by want of such notice or demand. This case differs from that of *Oxford Bank* v. *Haynes*, 8 Pick. 423, where there was an insolvency. Here, there was none.

The claim that is barred by the statute of limitations that of the plaintiff, as creditor of the estate, against the administrator. The defendant's claim is not as creditor of her husband, and is not barred by the statute.

The payment of interest on the note, after the four years, was a waiver of the plaintiff's laches in not suing before the four years elapsed. Such payment was for the defendant's benefit, as it could not be paid out of her husband's estate. See *Sigourney* v. *Wetherell*, 6 Met. 553.

*Pratt & Clifford*, for the defendant. There was no consideration for the guaranty, except that of forbearance, which is not shown. *Tenney* v. *Prince*, 4 Pick. 385, and 7 Pick. 243. Or if there was any valid guaranty, it has been lost by the negligence of the plaintiff to collect the note of the administrator, and by his omission to give the defendant notice of non-payment. *Philips* v. *Astling*, 2 Taunt. 206. *Gibbs* v. *Cannon*, 9 S. & R. 202. *Samuell* v. *Howarth*, 3 Meriv. 272. *Baker* v. *Briggs*, and *Oxford Bank* v. *Haynes*, 8 Pick. 122, 423. *Talbot* v. *Gay*, 18 Pick. 534. *Sage* v. *Wilcox*, 6 Connect. 81. *Hunt* v. *Brown*, 5 Hill, 145. Story on Notes, § 472. What was said by the court, in *Isett* v. *Hoge*,

2 Watts, 129, may be said in the present case : "It is impossible to say the money would not have been obtained, had the debt been pressed ; and to suffer the plaintiff to recover against the guarantor, under these circumstances, would expose the latter to loss which was probably produced by the supineness of another."

*Eliot*, in reply. An agreement to forbear a suit appears on the face of the paper ; and if it did not, the fact, that there was such forbearance afterwards, would be sufficient evidence of such an agreement. *Moies* v. *Bird*, 11 Mass. 436. Story on Notes, § 186. *Walker* v. *Sherman*, 11 Met. 170.

Notice to the defendant, and demand on her, would have been of no benefit to her. No demand was made in *Sumner* v. *Gay*, 4 Pick. 311, nor in *Williams* v. *Granger*, 4 Day, 444, nor in *Marsh* v. *Day*, 18 Pick. 321, nor in *Tenney* v. *Prince*, cited for the defendant. See also *Frye* v. *Barker*, 4 Pick. 382.

The defendant has not lost her claim against the estate of her husband, if she ever had any. She can have no claim, without first paying the demand. On paying it, she will have a remedy against the heirs. Rev. Sts. c. 70, §§ 13 – 15. But the plaintiff has lost his claim against the estate.

WILDE, J. This was an action of assumpsit on the defendant's promise to guaranty the payment of a promissory note of hand ; and the first question to be considered is, whether there were a sufficient consideration for that promise.

It was proved at the trial, that the plaintiff threatened to commence a suit against the administrator of the estate of the maker of the note, and that thereupon, at the request of the plaintiff and the administrator, and to prevent the sacrifice of the real estate, (which was apprehended,) the defendant signed the guaranty. It was also proved, that before that time the administrator, who was the son of the maker of the note, had given a deed of all his interest in the real estate of his father, to the defendant.

Upon these facts, we are of opinion that there was a good and sufficient consideration for the guaranty. In the first

place, it was given to prevent the sacrifice of the real estate in which the defendant had an interest ; and this must be considered as a benefit to her. In the second place, the plaintiff's forbearance to sue the administrator was a sufficient consideration ; it being a well settled principle that the forbearance to sue a present claim or debt is a good consideration for a promise. 1 Comyn on Contracts, (1st ed.) 13, 14.

It was objected that there was no agreement to forbear a suit on the note against the administrator, and that therefore there was no consideration for the defendant's guaranty at the time it was given. But we think such an agreement may be inferred from the facts reported. But if it were otherwise, actual forbearance by the plaintiff to sue the administrator was proved, and is not denied ; and it was proved that the guaranty was signed by the defendant for the express purpose of delaying the suit against the administrator, which the plaintiff threatened to commence before she signed the guaranty. We are therefore of opinion, from the facts reported, that there was a good consideration for the defendant's guaranty. *Breed* v. *Hillhouse*, 7 Connect. 523. *Walker* v. *Sherman*, 11 Met. 170. *Lent* v. *Padelford*, 10 Mass. 230.

The remaining question to be decided is, whether the defendant has been discharged from her liability by the laches of the plaintiff. It is contended by the defendant, that as the plaintiff neglected to sue the administrator, until her claim against him was barred by the statute of limitations, (Rev. Sts. c. 66, § 3,) the defendant has thereby lost all claim against the estate of the deceased, in case a recovery should be had against her in this action. With regard to this objection, we are to consider that it was the understanding of the parties, at the time when the defendant undertook to guaranty the payment of the note, that the plaintiff was not to sue the administrator for an indefinite time, and that it was the intention of the administrator to sell the property some time in the spring after — a very short time before the action against the administrator was barred. These facts considered, we think the plaintiff was not bound to demand of the administrator

payment of the note, or to notify the defendant of its non-payment. But if it were otherwise, it does not appear that the defendant has suffered any damage by the omission. If by law she had any claim of indemnity from the estate of the deceased, it has not been defeated by the omission to sue the administrator; for, although the action against him is barred, the defendant will be entitled to indemnity against the heirs. Rev. Sts. c. 70, § 14. But if the administrator is responsible personally, as we think he is — as the defendant gave her guaranty at his request — there is no evidence to prove, or tending to prove, his insolvency, or inability to pay; so that in no respect has the defendant been prejudiced by the plaintiff's omission to notify her of the non-payment of the note.

*New trial granted.*