## PHILIP HICKEY v. G. R. DUDLEY.

The positive testimony of one witness, corroborated by the evidence of another, is sufficient to prove a guarantee for an amount exceeding five hundred dollars.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

BULLARD, J. The plaintiff alleges that he sold, through his agent and factor in New Orleans, to one Jones of Tennessee, twenty hogsheads of sugar, to be delivered at his plantation, for $1005 37; that the defendant Dudley guarantied the payment of the price ; and that the sugar was delivered, but has not been paid for. This action is brought against the alleged guarantor, to recover the amount.

The defendant answered by a general denial, and specially denying that he ever did, by any word or act, give the guarantee as alleged.

There was judgment for the defendant, and the plaintiff has appealed.

The case turned mainly upon the question, whether there was

sufficient legal evidence to prove the engagement, on the part of the defendant, to pay a sum above five hundred dollars. Barrett, the plaintiff's factor, testified that the defendant, who is the master and part owner of a steamboat, came with Jones, who was a stranger to him, to his counting-house, some time in May, 1843. Upon introducing Jones to him, Dudley said that Jones wanted to buy sugar. Witness mentioned the plaintiff's sugar to him, as it could not be delivered here, it being on the plaintiff's plantation. Dudley distinctly guarantied that he would bring witness back the amount, either in money or produce, on the return of the boat from Nashville. An order was given for the sugar, and was taken on board. The witness says he would not have sold the sugar without the defendant's guarantee.

McCarthy, a clerk of Barrett's, testified that he heard Dudley say it would be all right on the return of the boat, and that there would be either money or produce, and that the boat was to go to Hickey's plantation to get the sugar; that Caldwell gave no guarantee; that Jones and Caldwell both went on the boat. Witness heard Dudley say, he would bring back the money or produce; but did not hear him use the word guaranty, nor did he hear Barrett say distinctly that he looked to Dudley for the pay of the sugar.

It appears to us that the positive testimony of Barrett, that the defendant guarantied the payment of the price of the sugar, is corroborated by the statement of the other witness, McCarthy, and that together, they furnish sufficient evidence to bind the defendant. That Dudley was informed that his guarantee had been accepted, results from the fact, that an order was given in his presence for the sugar, and that it was received on board his boat, and transported to Nashville. He must have known it was procured on his recommendation. The question whether that recommendation was such as to amount to a guarantee, is the only one in the case. The principles settled by this court in the case of *Amory et al.* v. *Boyd,* seem to us appliable to this. The language used in that case by the defendant, in recommending his friend, who was a stranger, to wit: that " Captain McLeary, being unacquainted in New Orleans, will be indebted to your po-

liteness in affording him such assistance as his present situation requires ; and a bill on his father for the funds he may need for his present necessities, will be honored forthwith," was held to import more than a mere recommendation and advice, and sufficient to render the guarantor liable according to the doctrine of Domat. 1, 15 §, art. 13. 5 Mart., 414.

The case of *Lobre* v. *Poynts*, (5 Mart. N. S., 443), to which our attention has been called, is quite different from this ; and the expressions used, though very strong, were properly held to amount only to honest advice. In the case now before us there was a specific contract in contemplation; and, according to the evidence, the defendant positively guarantied that Jones would send down, by the return of the defendant's boat, either the money or produce, if Barrett would sell him the sugar.

It is, therefore, adjudged and decreed, that the judgment of the Commercial Court be reversed ; and ours is, that the plaintiff recover of the defendant one thousand and five dollars and thirty-seven cents, with interest at five per cent from judicial demand, and costs in both courts.

*Dunbar*, for the appellant, cited *Amory et al.* v. *Boyd*, 5 Mart., 414. *Lobre* v. *Pointz*, 5 Ib. N. S., 443. *Williams* v. *Reynolds*, 11 La., 235.

*Claiborne*, for the defendant.