No. 7004.

Ben Gerson vs. G. W. & G. M. Hamilton.

30 737
48 921

30 737
116 882

Where the language of a guaranty addressed to a factor is, " I am willing to go his security for the amount of twenty-five hundred dollars," it is not what is termed a *continuing* guaranty. It only embraces the first $2500 of money advanced, or goods furnished to the person in whose favor the guaranty is given. The factor thus guaranteed is legally bound to apply to the guaranteed debt, and for the discharge of the guarantor, the first payments received by him from the person in whose favor the guaranty was given.

APPEAL from the Fifth Judicial District Court, parish of West Baton Rouge. *Mc Vea, J.*

*Barrow & Pope* for plaintiff and appellant.

*Favrot & Lamon* for defendant and appellee.

The opinion of the court was delivered by

Marr, J. Plaintiff seeks to recover of G. W. Hamilton, as drawer, and G. M. Hamilton, as guarantor, the amount of a draft on him to the order of Meyer Weil, for $876 53, dated tenth February, 1873, at ninety days, which, he alleges, he paid at maturity.

The petition charges that G. M. Hamilton, in a letter addressed to plaintiff, of date October 15, 1872, guaranteed and bound himself as security for the payment of the said draft, and all advances made by him to G. W. Hamilton to the amount of $2500; and that the draft sued on formed part of the advances mentioned and contemplated in the letter of guarantee.

G. W. Hamilton admits his signature to the draft, but denies that plaintiff is the owner for a valuable consideration, or that he is in any manner legally bound to pay the same to plaintiff, or any one else, because it was never protested for non-acceptance or non-payment.

G. M. Hamilton admits his signature to the letter of guarantee; wherein he made himself responsible to plaintiff for goods and merchandise to be sold to his son by plaintiff to the amount of $2500.

He also pleads settlement by him and payment of balance due by his son to Gerson, on March 21, 1873; and settlement on March 17, 1874,

47

·of balance due by him to Gerson, on his own account, except $10 11, which he tenders.

The letter of guarantee is as follows :

"WEST BATON ROUGE, OCT. 15, 1872.

·" BEN GERSON, ESQ.—

"*Dear Sir:*

"' As you have promised to advance my son George, I am willing to go his security for the amount of twenty-five hundred dollars."

On the nineteenth of October, 1872, an account current was opened by Gerson with G. W. Hamilton, which amounted, on the debit side, up to February 1, 1873, to $6199 40, consisting of time drafts accepted, sight drafts paid, merchandise, and a small amount in cash, closing with balance in favor of Gerson, $1924 65. On the seventeenth of March this balance had increased to $2076 05, to which interest up to January 1, 1874, was added, $135 16, making total $2211 21. G. W. Hamilton sold goods for $1000 to Baum, which Baum agreed to pay to Gerson on the first of January, 1874. Gerson accepted this in deduction of the amount due by G. W. Hamilton, and for the remainder, $1211 21, G. M. Hamilton drew on Gerson to the order of G. W. Hamilton, payable January 1-4, 1874. This draft was charged to G. M. Hamilton on the account of Gerson; and the balance shown by that account up to March 17, 1874, was paid in part, say $784, leaving balance unpaid $10 11.

On October 27, 1872, G. W. Hamilton purchased a quantity of goods of Meyer Weil, and he made other purchases, at different dates, up to February, 1874, amounting to $876 53. It was in settlement of this account that the draft sued on was given, February 10, 1873.

G. M. Hamilton denies liability on this draft, on the specific grounds:

1 : That the amount was not claimed by Gerson as due by him when the final settlement of liability under the guarantee was made, and the balance $1211 21 paid ;

2 : That the amount guaranteed was reached before the draft was drawn ;

3 : That G. W. Hamilton paid to Gerson for indebtedness incurred since the subscription of the letter of guarantee, October 15, 1872, an amount far in excess of $2500.

The testimony proves the truth of all these grounds ; and we think they are a complete bar to plaintiff's action against G. M. Hamilton.

The counsel for plaintiff contend that the letter of October 15 was a continuing guarantee; and they rely on Williams v. Reynolds, 11 La. 230, and Menard v. Scudder, 7 An. 386. In the first of these cases Reynolds wrote to Williams, guaranteeing his endorsement for Reynolds & Ayars, to the extent of $5000. A month later, in November, 1832, he wrote again to Williams, saying : "I intend this as a standing accommmodation

Gerson vs. Hamilton.

to them, (Reynolds & Ayars); and I now offer you a further guaranty for your endorsement to the extent of $5000, on bills of exchange they may have occasion to draw, on account of shipments they may make from time to time ; *these guarantees to continue and be in full force until the* first day of January, 1834."

Of course, this was a continuing guarantee ; and defendant was held liable to Williams for his endorsement for Reynolds & Ayars, for $5000.

In the other case, the guarantee was in these words : " I do recommend my friend, Mr. J. B. Scudder, of the parish of East Baton Rouge, a planter, and any funds that he may raise on acceptances, in case he does not pay, I feel bound to pay." This also was held to be a continuing guarantee ; and McCalop, the guarantor, was held liable for advances made to Scudder from the note, December, 1849, up to the death of McCalop, in July, 1850, it not having been otherwise revoked.

There is no analogy between these cases and the present case. Hamilton, the father, limited his guarantee to the sum of $2500. Within less than a month, on the first of November, that limit had been exceeded by a few dollars ; and the account continued until the total debits were $6199 40, on the first February, and the total credits to same date, $4274 75.

We incline to the opinion that G. M. Hamilton was not legally bound to pay the $1211 21, under his letter. Gerson had the right to look to him as security for the advances made by him, on the faith of the letter, up to $2500 ; and he was bound legally, *ex æquo et bono* to apply to the debt, and for the discharge of the guarantor, the first payments received by him from G. W. Hamilton. The father must be presumed to have had some knowledge of his son's means and resources : and to have given the guarantee for the limited sum of $2500, because he had confidence in his son's ability to make good advances to that amount.

The draft sued on has no mark or indication that Gerson accepted it ; and Pelant, one of the witnesses, says it is to his knowledge that Gerson refused to pay it. It is remarkable that the draft nowhere figures in the accounts of Gerson. He and Weil testify that Gerson introduced G. W. Hamilton to Weil, and told Weil that he would be responsible for Hamilton's purchases. Weil sold goods to Hamilton; and they were charged to Hamilton ; and it is strange, if Gerson was bound as security for Hamilton, that the draft was not accepted by him. He and Weil both say that Gerson paid the amount ; but they do not say when. On the sixth of February, 1874, Gerson wrote to G. M. Hamilton, saying that he had proceeds of one bale cotton shipped by G. W. Hamilton, which " stands to credit his account against his draft drawn on me in favor of Meyer Weil, which I was in honor bound to pay. I introduced him to Meyer Weil, and became at once responsible for one half he pur-

chased.    *    *    *    *    This draft stands open against him with a credit of one bale cotton."

Whatever may have been the obligations assumed by Gerson to Weil, there is nothing to show any corresponding obligation on the part of G. M. Hamilton. The account of Weil was not guaranteed by him. He intended to bind himself as security to Gerson; and he chose to limit his liability to $2500. When that amount was reached on the debit side of the account of Gerson, and a corresponding amount on the credit side, the liability under the letter was at an end; and G. M. Hamilton was discharged.

G. W. Hamilton is bound for the debt liquidated by the draft. The original consideration was fully proven, not denied; and the liability was neither novated nor paid by the draft, which Gerson did not accept, and which Hamilton had no reason to suppose Gerson would either accept or pay for his accommodation. It is immaterial to inquire whether Gerson paid the draft, or whether Weil placed it in his hands for collection for his account and benefit. The District Judge correctly gave G. W. Hamilton credit for proceeds of the bale of cotton; and rejected the demand against G. M. Hamilton.

The judgment appealed from is therefore affirmed with costs.