[S. F. No. 2278.   Department One.—September 10, 1902.]

## R. N. CARSON, Appellant, v. LENORA M. REID et al., Respondents.

MORTGAGE—GUARANTY—PART PAYMENT OF ANOTHER'S DEBT—ABSENCE OF PERSONAL OBLIGATION—SATISFACTION.—A conveyance intended as a mortgage to secure the payment of the sum of five hundred dollars upon the mortgage debt of a third person to the mortgagee creates no personal obligation, but merely makes the land a guarantor of the payment of that amount thereupon. It is to be construed as guaranteeing the payment of the sum of five hundred dollars upon such mortgage debt, and not as securing the last five hundred dollars thereof, and upon the payment of that amount by the original mortgagor, the guaranty mortgage was satisfied and became void by its terms.

ID.—RECITAL IN MORTGAGE—CONSIDERATION—REBUTTAL OF PRESUMPTION.—Any presumption arising from a recital of the receipt of the sum of five hundred dollars in the guaranty mortgage is overcome by the improbability that the mortgagee paid the mortgagor the sum of five hundred dollars to secure the payment of that amount upon the mortgage debt of another mortgagor, taken in connection with the fact that all that plaintiff claimed as secured was the unpaid portion of the mortgage debt, and that the mortgage was not conditioned for the repayment of the recited consideration, but to secure the payment of the sum of five hundred dollars of the note of the original mortgagor.

APPEAL from a judgment of the Superior Court of Mariposa County.   John M. Corcoran, Judge.

The facts are stated in the opinion of the court.

William H. Cobb, and J. J. Trabucco, for Appellant.

Congdon & Congdon, for Respondents.

THE COURT.—On October 18, 1894, W. C. Reid, one of the defendants in this action, made his promissory note to T. B. Coghill for the sum of $5,212.11, and at the same time executed and delivered a mortgage on his certain real estate described in the first cause of action to secure the same. On the next day H. C. Reid and the defendant Lenora M. Reid, his wife, executed to Coghill a mortgage upon their property,

described in the second cause of action, "to secure the payment of the sum of $500 of a certain promissory note made by W. C. Reid October 18, 1894, for $5,212.11, which said note is payable to T. B. Coghill or order." Said note and said mortgages were afterwards assigned by Coghill to the plaintiff, R. N. Carson, who brought this action to foreclose said mortgages. W. C. Reid, the maker of said note, made certain payments thereon, leaving unpaid, when this action was commenced, $1,088.08, and some interest. Upon the hearing the court found due on the note, including interest and costs, $1,592.15, and ordered foreclosure of the mortgage of W. C. Reid. As to the second cause of action, the court found that the mortgage of H. C. Reid and wife was given as additional security; "that default has not been made in the payment of the aforesaid sum of $500; that said sum was paid by the payments made by W. C. Reid, as found in finding No. 3 hereof, and there is not now due and unpaid anything on the aforesaid mortgage." This appeal is by the plaintiff from the judgment against him on the second cause of action. The plaintiff put in evidence the note and the two mortgages, and gave evidence of the amount due thereon, and rested. Defendants offered no evidence. We are therefore left to construe these instruments unaided by extraneous evidence of the circumstances surrounding or inducing the execution of the five-hundred-dollar mortgage.

The promissory note of W. C. Reid for the sum of $5,212.11 was payable in monthly installments of thi e hundred dollars each, except the last, the first being payable November 18, 1894. In the second cause of action plaintiff alleged: "That H. C. Reid and the defendant Lenora M. Reid, to secure payment of the sum of $500 due upon the promissory note described in paragraph one hereof, and as additional security to that specified in the first cause of action herein, did" execute and deliver said mortgage to Coghill, "conditioned for the payment of the said sum of $500 as a partial payment of said note." The mortgage executed by H. C. Reid and wife is the usual printed blank, the blanks being filled in in writing, and the written portions are shown in the record by the italicized parts of the instrument. The only part material to be noticed is the following:—

"This conveyance is intended as a mortgage to secure the

payment of *the sum of five hundred dollars of a certain promissory note made by W. C. Reid October 18, 1894, for $5,212.11, which said note is payable to T. B. Coghill, or order,* and these presents shall be void if such payment be made according to the tenor and effect thereof,'' etc.

This mortgage created the only obligation of the mortgagors. It did not create any personal obligation to pay said sum of five hundred dollars, or any part thereof, in any contingency. (Civ. Code, sec. 2928.)    The *land* described in the mortgage became the guarantor of the payment of the note of W. C. Reid to the extent of five hundred dollars; and the question to be solved is whether respondent's mortgage was discharged by the payments made by W. C. Reid upon his note, as they contend, or whether their property remains charged for that amount of the money still due and unpaid upon said promissory note, as appellant contends.

We think it may be fairly inferred from the note and mortgages that Coghill regarded the property of W. C. Reid, covered by his mortgage, as insufficient security for the payment of his note of $5,212.11, to the extent of five hundred dollars, but was willing to accept the mortgage of W. C. Reid if the mortgage security were increased by the sum of five hundred dollars, or, what would amount to the same thing, the diminution of the loan or the amount due (if it were for an antecedent debt), by the immediate payment of five hundred dollars.    But we may infer that such payment was not immediately possible, and therefore the five-hundred-dollar mortgage was accepted with the larger mortgage given by W. C. Reid as adequate security for the entire amount. When, therefore, the sum of five hundred dollars was paid by W. C. Reid shortly thereafter, his mortgage would appear to be then, in the consideration of the parties, an adequate security for the remainder of the debt; in other words, the five-hundred-dollar mortgage was executed as a guaranty that that sum would be paid upon the note, and, if not paid by the maker of it, the property mortgaged should be liable to that extent.    Respondents' mortgage was made to secure the payment ''of the sum of five hundred dollars of the note,'' not for the payment of a deficiency not exceeding the sum of five hundred dollars.    There was no promise by H. C. Reid and wife to pay anything in any event.    Their property was

hypothecated as security that W. C. Reid, the maker of the note, would pay five hundred dollars thereon, and upon such payment being made their mortgage was satisfied and became void. That appellant was bound to apply the first payments made by W. C. Reid to the satisfaction of respondent's guaranty, under the facts appearing in this case, is fully sustained by numerous authorities. In *Gard* v. *Stevens,* 12 Mich. 292,[1] it was held that "unless one becomes surety for another without limitation as to time or amount, in express terms or by clear implication, the court will not presume such intention on his part; and where a merchant sells goods to a customer under a guarantee from a third person that they will be paid for, and afterwards sells him other goods, the first money he receives from the purchaser should be applied to the payment of the goods covered by the guaranty."

In *Marx* v. *Schwartz,* 14 Or. 178, it was held that where the creditor collects from the debtor under execution on a judgment covering the sum so guaranteed and other indebtedness a part of the amount due, such sum is so far a satisfaction of the guaranty.

To the same effect are the following: *Pierce* v. *Knight,* 31 Vt. 701; *Gerson* v. *Hamilton,* 30 La. Ann. 737; *Eddy* v. *Sturgeon,* 15 Mo. 199; *Dumont* v. *Fry,* 14 Fed. 293.

In this case there were, in effect, many promissory notes executed by W. C. Reid to Coghill,—that is, the note was conditioned for the payment of many sums at different specified dates, covering a period extending from November 18, 1894, to April 18, 1896,—and respondents' mortgage was not given to secure "said *note,*" but a limited amount thereof,—viz., five hundred dollars. We think it may be fairly inferred that respondents did not intend that their property should be encumbered indefinitely as security for the liability of another, and, in analogy to the general rule, that the guarantor is held discharged by the first payment made by the debtor to the guarantee in an amount equal to that guaranteed, in the absence, at least, of a reasonably clear expression of an intention to make the guaranty a continuing one until the whole debt should be paid. In *Melville* v. *Hayden,* 3 Barn. & Ald. 593, Best, J., said "it ought to appear *unequivocally* that it was the intention of the defendant to guaranty Moulden's

---

[1] 86 Am. Dec. 52.

payment for goods to be furnished from time to time." In *Cremer* v. *Higginson,* 1 Mason, 323, Judge Story says that in every doubtful case the presumption ought to be against holding a guaranty to be continuing. In *Birdsall* v. *Heacock,* 32 Ohio St. 177,[1] it is said: "The tendency of decision in this country has, accordingly, been against construing guaranties as continuing, unless the intention of the parties is so clearly manifested as not to admit of a reasonable doubt," (citing *Lent* v. *Padleford,* 10 Mass. 230,[2] 2 Am. Lead. Cas. 141, and several other cases). ·

Appellant contends, however, that respondents are neither guarantors nor sureties; that the mortgage recites the consideration of "$500 to them in hand paid," and that there is no evidence to contradict that recital. But the improbability that Coghill paid respondents five hundred dollars in order to secure the payment of that sum upon the note of W. C. Reid, taken in connection with the fact that all the plaintiff claims is the unpaid portion of the note executed by W. C. Reid, and that the mortgage for five hundred dollars made by H. C. Reid and wife was not conditioned for the repayment of the recited consideration, or of any sum of money, but to secure the payment of the sum of five hundred dollars of the note of W. C. Reid, is quite sufficient to rebut the presumption arising from the recital of the consideration of the mortgage.

The judgment appealed from is affirmed.

[1] 30 Am. Rep. 572.          [2] 6 Am. Dec. 119.