CLAUSELLS, RESPONDENT, *v.* RAMÍREZ, APPELLANT.

APPEAL from the District Court of Ponce.

No. 949.—Decided June 25, 1913.

PLEADINGS—AMENDED PLEADINGS—DEMURRER—PLEA OF PRESCRIPTION—VIEW OF PREMISES—WITNESSES—ASSIGNMENT OF ERROR.—For the reason that demurrers to that part of the answer which set up a plea of prescription were sustained, the answer was amended three times. At the beginning of the trial the defendant made a motion for leave to reinsert in the answer the plea of prescription which had been eliminated from the issue by the sustaining of the demurrers, which motion was overruled. It was held:

1. That the amending of an answer after a demurrer thereto had been sustained constitutes a waiver of the exception which might be taken to the ruling of the court in sustaining the demurrer.

2. That the court committed no error in permitting the plaintiff to amend his complaint during the trial to make it conform to the evidence and that then was the proper time for the defendant to ask leave to reamend his answer by the addition of the plea of prescription and to request a suspension of the trial to enable him to introduce evidence in support of his plea.

3. That both parties consented to the view ordered by the court and no exception was taken by the defendant to the action of the court or to the manner of its execution.

4. That apart from the fact that the defendant did· not object to the absence of the stenographer and secretary of the . court from the view, it was not necessary that these officials should accompany the court and even if it were error not to have them present it was not one of such a nature as to affect the defendant's rights.

5. That as the burden of proof was upon the plaintiff the court committed no error in allowing him to indicate first at the view the property in litigation.

6. That the record shows that all the witnesses had been sworn at the trial, hence the objection that the witnesses present at the view had not been sworn is without foundation.

7. That in order that this court may notice any particular errors alleged to have been committed by the lower court they should be specifically assigned in the brief according to the requirements of rules 42 and 43 of this court.

The facts are stated in the opinion.

*Mr. José de Diego* for appellant.

*Mr. José A. Poventud* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

On September 16, 1911, the defendant and appellant in this case filed his third amended answer to a complaint in revindication pending in the District Court of Ponce. To that part of the answer styled "New Matter" ·the complainant demurred and the demurrer was sustained to that extent. The case went to trial and judgment was rendered for the complainant and appellee. The first ground of error or series of errors alleged by the appellant is that by reason of the action of the court the defendant was deprived of his right of filing a plea of prescription.

The answer of the defendant was filed on April 8, 1911, Hon. C. E. Foote then being the presiding judge in Ponce, and a demurrer was filed to the whole complaint and sustained. On May 6, 1911, the defendant presented a new answer, to which a ·demurrer was filed, and the court sustained the demurrer on July 21, 1911. On July 28, 1911, the defendant filed his second amended answer, to which a demurrer was again filed, but on August 3, 1911, the defendant, Adolfo Ramírez, through his attorney, asked the court to allow him to amend his previous amended answer because, by reason

of the great pressure of time and the numerous occupations which the said attorney has as notary, he had not carefully studied the order of the court of July 21 previous and desired to comply with it completely, whereupon on September 14, 1911, the court signed an order as follows:

"This being the day set for the hearing of the motion asking leave to amend the amended answer and the demurrer thereto, and the defendant agreeing to the demurrer, the court grants him as a final concession three days in which to amend the amended complaint and pay the costs of the demurrer assented to."

As we have seen, the court granted the demurrer to the new matter of this third amended answer, being a fourth pleading presented by the defendant, and the case went to trial. At the beginning of the trial the defendant made a motion to be allowed to reinsert the new matter which the action of the court had eliminated from the issue, and the court refused to grant the motion for the same reasons that it had assigned in sustaining the demurrer. In its essential nature this demurrer was directed to the fact that the defendant in attempting to set up a plea of prescription did not in any way admit the possession of the plaintiff, but by indirectly asserting that all the lands he owned in a certain jurisdiction were the ones he attempted to describe in his answer and that he had been in possession of such lands for an indefinite period, sought, as we have said, thus indirectly to allege the fact that he had acquired a prescriptive right to the same. The appellant virtually admits that the objection was well taken, but he maintained that the admission of possession or plea of confession and avoidance essential to the defense of prescription was really set up in the first and second answers to which demurrers had been improperly sustained by the court. It is, however, the uniform jurisprudence of the court that the amending of an answer after the sustaining of a demurrer to a defense is a waiver of the error in sustaining the demurrer. *Estate of Chavier*

v. *Estate of Giráldez,* 15 P. R. R., 156; *Hagely* v. *Hagely,* 68 Cal., 346; *Gilman* v. *Cosgrove,* 22 Cal., 356, 358; *Welch* v. *Bardshar,* 137 Cal., 254, 155. And it is the rule generally in regard to amended pleadings that the objection to the sustaining of a demurrer is waived by the party against whom the demurrer is filed by filing an amended or substituted pleading in the place of one held bad on demurrer, for which there is abundant authority in all the books. We shall not attempt further to review the action of the court with respect to the previous demurrers, especially as the defendant had other opportunities to offer his alleged plea of prescription and never took advantage of them.

The property in this case was described in the complaint by its ancient boundaries wherein no physical landmark figured clearly, and during the trial a witness by the name of Jorge Mussenden was put upon the stand to identify the land. He partially described the former owners and also the modern boundaries and made specific references to physical boundaries, such as a brook on the west, a road on the north that was the highway between Sabana Grande and Yauco, and other physical divisions. To aid him in his description the complainant presented a sketch of the land, which was admitted for that purpose without objection by the defendant. So that here the defendant was given a clear idea of the land claimed by the complainant, its physical boundaries, and the persons who today own adjoining properties. During the progress of the testimony of this witness the complainant asked leave to amend his complaint to conform to the proof. The defendant opposed the amendment on the ground that the proof was not concluded and because it was an essential change in the northern boundary, and the court decided that the principal boundaries in this case were the ancient ones; that the court would not have permitted a change of such ancient boundaries, and that the court did not think that the change to the modern boundaries would cause any surprise or prejudice to the defendant, one of

them being a substantial change in the name but the other being merely to amplify; and the court went on to say that the amendment should be permitted, but that the court not wishing to prejudice the rights of the defendant left it to the election of the defendant to suspend the case when the proof of the complaint terminated and gave him an opportunity to present whatever proof he had to impugn the amendment which was then presented, and if he should so elect, the court would not have any objection to placing the costs for the suspension of the trial on the complainant. The defendant excepted but made no motion or offer of any kind whatsoever. This was the occasion and the principal one, when if for the first time he recognized the property now thoroughly described as being a property in his possession and a property which had been in his possession for more than the period of prescription, that the defendant had the opportunity to ask leave of the court to file an additional answer or take such other steps as he might be advised. He did nothing of the kind although he had been advised of the nature of the boundaries not only by the proof of the complainant's witness, but also by the sketch offered in evidence, and there had been other proof in the trial to support the statements of the witness. We see nothing in the action of the court that deprived the defendant of any opportunity to plead any real defense that he might have had. In any trial it is the complainant who has the right to choose the field of battle. Here the defendant presented one plea after another in which he never clearly admitted his possession, but presented answers wherein he described certain lands and said that these were all the lands that he owned or possessed in a certain jurisdiction, thus attempting to choose a field of his own for an issue without confessing and avoiding the proffered issue of the complainant. He had another opportunity to ask leave to present a plea of prescription after the court proceeded to the land itself and before judgment was rendered.

Incidentally, we may notice that there was no error in the action of the court in permitting the complainant to amend his complaint to conform to the proof. The appellant does not seriously contend that there was not sufficient proof to justify the amendment, and as to the general right in the court to permit amendments we have had occasion to refer in the case of *Mongil v. Castro, ante* p. 650.

The other alleged important ground of error raised by the appellant is that the court has no right to order *ex officio* a view as not authorized by any existing legislation, and that the defendant opposed the granting of such view.

The record in this case shows that at the conclusion of the proof on both sides the complainant proposed a view as part of his proof in rebuttal, to which the defendant through his counsel objected, but stated that if the court wanted to do so *ex officio,* that he would have no objection whatever in having it done. The court thereupon ordered such *ex officio* view with the consent of the parties, allowing each party to bring with him two witnesses who had already testified in the case, and thereafter the court fixed April 18, 1912, for the date of the view, the main trial having taken place on March 26, 1912. Thus it will be seen that the view was taken with the consent of the defendant and there was no exception taken to the action of the court or the manner of its execution.

The respondent maintains, however, that the view as actually taken was irregular and void because the court had with it neither the secretary nor the stenographer, as required by law. The certificate of the view which was filed by the court and brought up by the appellant shows not the slightest objection or exception on this ground, the objections of the appellant going more particularly to the fact that the court chose to follow the indications of the complainant's witnesses and gave the defendant's witnesses no chance to point out the land. Moreover, we do not see how the failure on the part of the trial judge to have with him the secretary or the ste-

nographer could in any way prejudice the appellant, and under section 142 of the Code of Civil Procedure this court would be obliged to disregard any error which did not affect the essential rights of the parties. But we do not think that the court was obliged to take with him either of the officials to which the appellant referred, and especially was this so in this case inasmuch as the idea of the court seems solely to have been that two witnesses on each side were to accompany him to indicate the land. We cannot see, besides, how even at a trial the absence of a secretary or a stenographer could invalidate the same in the absence of objection, exception, or prejudice shown.

The appellant next complains that the court erred in allowing the complainant to indicate at the view the land claimed. But it must be remembered that the burden of the proof was upon the complainant and the court had a right to ask the complainant to indicate the land he claimed, but according to the certificate of the view that has been included in the record the defendant's witnesses were given an opportunity to be heard and merely maintained that the land was situated in another jurisdiction, without attempting to state anything else. Hence we see no error. The court besides certifies that the only object it had in allowing the inspection was to see if there really was such a piece of land as claimed and described by the witnesses and without having any intention of extending the testimony of the witnesses, and for that reason did not use a secretary or a stenographer.

The appellant also maintained that the court erred in hearing witnesses at the view without swearing them, but the record shows that all the witnesses had been sworn at the trial, which is a sufficient answer to the objection.

The appellant also criticises the certificate of the view and says that it is argumentative and inexact and full of hostility against the defendant. The court in its certificate criticises, it is true, some of the acts of the defendant, but we see no real hostility, as that word should be understood, in the law, and,

furthermore, the certificate must speak for itself as to any alleged errors committed and any reasons or arguments given by the court in such certificate are not grounds for error, as it is the acts of the court and not the reasons that must be alleged as grounds of error.

Another ground of error alleged is that the defendant was prejudiced by the failure of the court to permit certain certificates from the registry. The court admitted certain affirmative things, but denied the certificate in so far as it contained negative averments, such as that certain facts did not appear from the registry, on the ground that the registrar has only to certify that certain facts did appear from the registry, and, furthermore, the registrar had already certified to all the records favorable to the defendant for which the defendant had sought his certificate.

There were other similar errors alleged, but the appellant in his brief insists on none of them except by way of a general allusion to them, and as we see no prejudice or fundamental error, it is unnecessary to discuss them. If appellant desired us to notice any particular error, it should be specifically assigned, according to the terms of rules 42 and 43 of this court.

We think it is fairly plain from the record that the view taken by the court was not, as appellant alleges, because the court thought the proof submitted at the trial insufficient, but out of excess of caution. There was ample proof to support the averments of the plaintiff without the view and, although there was a conflict, we see no reason for disturbing the finding of the court, and the judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.