[Civ. No. 2687.  Second Appellate District, Division One.—March 1, 1919.]

## R. N. NASON & COMPANY (a Corporation), Appellant, v. MARIA J. KENNEDY, Respondent.

[1] GUARANTY—CONSTRUCTION — UNCERTAINTY — CONTINUING OR SPECIFIC GUARANTY — EVIDENCE — RESORT TO SURROUNDING CIRCUMSTANCES.—In this action on a guaranty, where there was uncertainty as to whether the parties intended the instrument to be a continuing guaranty, limited in amount, or a guaranty of one particular transaction, the court had to resort to the circumstances under which the instrument was executed.

[2] ID.—APPLICATION OF PAYMENTS.—Where a merchant sells goods to a customer under a guaranty, and afterward sells him other goods,

the first money received should be applied on the sales covered by the guaranty.

[3] Id.—Presumption Against Continuing Guaranty.—In every doubtful case the presumption ought to be against holding a guaranty to be continuing.

[4] Id.—Guaranty not Continuing—Finding Supported by Evidence. The evidence in this case supports the finding that the guaranty was not continuing, but was intended to cover the initial order of goods only.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. T. Craig, Bert P. Woodward and Henry N. Beatty for Appellant.

F. A. Stephenson for Respondent.

SHAW, J.—Plaintiff appeals from a judgment entered in favor of defendant in an action brought to recover upon a written guaranty executed by defendant, as follows:

"July 24, 1914.

"R. N. Nason & Co.,
    "San Francisco, California.
"Gentlemen:
    "I do hereby guarantee the account of L. C. Kennedy up to the sum of seven hundred fifty ($750.00) dollars, for what goods in your line he may purchase from you, and it is understood that if he does not pay his bills under the terms of purchase that I will pay them or see that they are paid.
            "Respectfully Yours,
                "Mrs. Maria J. Kennedy."

Appellant contends that this instrument constituted a continuing guaranty, as defined by section 2814 of the Civil Code, whereas respondent insists that, as found by the court, it should be construed as a guaranty for goods bought to the extent only of $750, which sum having been paid by L. C. Kennedy, the obligation of the guaranty was discharged.

[1] While by this writing defendant guarantees the account of L. C. Kennedy and agrees that if he does not pay his bills she will pay them, nevertheless it is silent as to what particular account or bill it had reference to. There is nothing

contained therein disclosing with certainty · that the parties intended the guaranty should cover liability incurred in successive transactions covering an indefinite period of time. Hence, by reason of such uncertainty, we must, in determining the intention of the parties thereto, resort to the circumstances under which the instrument was executed. (*First Nat. Bank* v. *Bowers,* 141 Cal. 253, [74 Pac. 856].) These circumstances, as disclosed by the evidence, are as follows: In July, 1914, defendant's son, L. C. Kennedy, being desirous of engaging in the mercantile business, placed an initial order for a stock of goods with the Los Angeles agent of plaintiff, whose principal place of business was in San Francisco. Upon receiving this order plaintiff wrote to the agent from whom it had received the same, stating in substance that it could not make shipment of the goods unless payment thereof was guaranteed, and inclosed with its letter the form of guaranty, with the request that the agent get Kennedy to have his mother sign the same, and saying, ''We understand she is responsible and thus we would be protected for this amount.'' Plaintiff further stated in the letter: ''Mr. Kennedy should be willing to take this guaranty because on the terms you are desirous of making to him, he should be in a position to take care of his indebtedness easily, but as a precaution and as a safeguard and on account of the conditions under which he is going into business and also on account of the present financial situation, we must insist upon a guaranty.'' L. C. Kennedy, in substance, testified that plaintiff's agent, Mr. Hambly, who was instructed to secure the guaranty, in requesting same told him that plaintiff thought his order too large and had reduced it to approximately $750, to the extent of which value they were willing to ship the goods in filling his order, if payment thereof was guaranteed by his mother; that there was no arrangement or understanding for the purchase of other goods from plaintiff than this initial order which the guaranty was intended to cover. Kennedy did from time to time, while conducting his business, buy other goods from plaintiff, the total amount of which was $1,881.02, upon which he paid all but a balance of $747.27, for which suit is brought. [2] ''Where a merchant sells goods to a customer under a guaranty from a third person that they will be paid for, and afterward sells him other goods, the first money he receives from the purchaser

should be applied to the payment of the goods covered by the guaranty." (*Carson* v. *Reid*, 137 Cal. 253, [70 Pac. 89]; *Marx* v. *Schwartz*, 14 Or. 178, [12 Pac. 253].) **[3]** The former case is also authority for the statement, quoted from *Melville* v. *Hayden*, 3 Barn. & Ald. 593, that "it ought to appear *unequivocally* that it was the intention of the defendant to guaranty . . . payment for goods to be furnished from time to time"; and "that in every doubtful case the presumption ought to be against holding a guaranty to be continuing." Looking solely and alone to the guaranty, it cannot be said that it expresses an intention of the parties that it was to be a guaranty for a line of credit to the extent of $750 to be extended by plaintiff to L. C. Kennedy and covering future transactions. Its language is equally susceptible of either interpretation, viz., that it is or is not continuing. Hence an ambiguity arises which may be explained by parol evidence of the situation and surroundings of the parties and the guaranty interpreted in the light of such circumstances. (*Bell* v. *Bruen*, 42 U. S. (1 How.) 185, [11 L. Ed. 89, see, also, Rose's U. S. Notes].)

**[4]** In view of the fact that L. C. Kennedy was for the first time applying to the plaintiff for the purchase of goods, which plaintiff refused to furnish except upon a guaranty of payment thereof, and there being no arrangement for a line of credit and no understanding that other purchases were to be made or contemplated, taken in connection with the statements made by plaintiff's agent, it may fairly be said that the parties understood and intended the guaranty to cover such initial order only. Had it been intended to cover future transactions, it should have been so worded as to include the same; but, as stated, it is silent as to the time, accounts, or bills which it was to cover.

The evidence supports the finding of the trial court that it was intended to cover the initial order of goods only, without which plaintiff was unwilling to furnish the same. The foregoing view renders it unnecessary to consider whether or not the evidence supported the finding of the court that there was no consideration for the guaranty.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 28, 1919.

All the Justices concurred.