Filed 8/14/25  Yang v. Lee CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JEAN S. YANG,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>DEUK LEE,<br><br>        Defendant and Respondent. | B339572<br><br>Los Angeles County<br>Super. Ct. No. 21TRCV00693 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Douglas W. Stern, Judge.  Affirmed.

Trustable Law, Gi Nam Lee for Defendant and Appellant.

Law Offices of Richard Keavney, Richard P. Keavney for Plaintiff and Respondent.

———————————

Jean Yang sued to quiet title to her real property, which Deuk Lee had encumbered with a trust deed.  Lee had obtained a money judgment a year earlier for the debt secured by the trust deed.  Yang moved for summary judgment, arguing Lee could not

obtain a money judgment and then separately enforce the trust deed. The trial court correctly granted Yang's motion. Citations are to the Code of Civil Procedure.

## I

In 2009, Yang's then husband Mark Yang borrowed $150,000 from Lee. Mark Yang is not a party to this appeal. For clarity and to differentiate him from Jean Yang, we refer to him simply as the debtor.

In 2012, the debtor signed a note memorializing his $150,000 debt to Lee. On the same day, the debtor and Yang executed a trust deed in Lee's favor on a property belonging solely to Yang. They signed the trust deed as "trustors."

Four years later, the debtor signed another note, revising the amount owed to Lee to $200,000, which included $50,000 in interest that had accrued. Yang did not sign the first or second note.

Yang and the debtor divorced in 2018. Their divorce judgment assigned the entirety of the Lee debt to the debtor, and confirmed the real property was Yang's sole and separate property.

In 2019, Lee sued the debtor based only on the 2016 note. The debtor defaulted and the court granted Lee a judgment in the amount of $240,162.21.

Yang later realized the trust deed was clouding her title. Her counsel wrote to Lee's attorney, explaining this and asking Lee to remove the trust deed recording. He did not.

## II

Yang sued Lee for quiet title, cancellation of cloud on title, and declaratory relief.

Ten months after Yang filed her case, she moved for summary judgment. The trial court reviewed the moving and responsive papers and both parties' supplemental briefing and heard argument after continuing the hearing once; the court held this hearing six months after Yang filed her motion.

Lee argued to the trial court, as he does here, that there were questions of fact remaining to be determined, including 1) whether Yang was obligated under either note; 2) whether the debtor had ever possessed any interest in the property; 3) whether Yang owned the property and had properly transferred it to her trust; 4) what was meant by striking out the words "power of sale" on the trust deed; and 5) whether the deed of trust secured the 2016 note or only the 2012 note. He asked for more time for discovery.

The trial court found section 726, commonly referred to as the "one form of action" rule, prevented Lee from pursuing any recovery against the property because he had already chosen and obtained a remedy: a money judgment against the debtor. Lee's supposed issues of fact were not relevant.

The court granted summary judgment to Yang and ordered the trust deed extinguished as of March 11, 2020, the date Lee obtained the money judgment against the debtor. Lee appealed.

## III

We independently review an order granting or denying summary judgment. We review the entire record and consider all evidence set forth in the moving and opposition papers except any to which an objection has been made and sustained. We liberally construe evidence presented in opposition to summary judgment and resolve any doubts about the evidence in favor of the party

3

opposing the motion. (*Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.)

Once the relevant facts are established, whether a particular code section applies to them is a question of law. (See *McKee v. Orange Unified School Dist.* (2003) 110 Cal.App.4th 1310, 1316.) The pertinent portion of section 726 is subsection (a), which says: "There can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property or an estate for years therein, which action shall be in accordance with the provisions of this chapter."

The trial court was right: none of the facts Lee disputes is relevant to an analysis under section 726, subdivision (a). The parties agree upon, or concede, all relevant facts.

As judicially construed, section 726 is both a "security-first" and a "one-action" rule. It compels secured creditors, in a single action, to exhaust their security judicially *before* they may obtain a monetary judgment against the debtor. (*Bank of America, N.A v. Roberts* (2013) 217 Cal.App.4th 1386, 1397.)

*Walker v. Community Bank* (1974) 10 Cal.3d 729 (*Walker*) guides us. In *Walker*, a creditor holding both a chattel mortgage and a trust deed on real property chose to foreclose on the chattel mortgage first, and then to attempt a separate, later proceeding based on the trust deed. (*Id*. at pp. 732–733.) When the new owner of the real property sued to quiet title, the court found creditors who obtain a monetary judgment in contravention of the security-first rules of section 726 will be deemed to have forfeited their right to further pursue their security interest. (*Id*. at p. 733.)

*O'Neil v. General Security Corp.* (1992) 4 Cal.App.4th 587 (*O'Neil*) reached the same result in a case involving three

4

separate parties: a group of creditors, a group of debtors, and a group of "refinancers." This is like the three-party situation here. The *O'Neil* creditors first chased the debtors and reached a settlement granting a personal judgment and purporting to retain all other rights. (*Id.* at pp. 593.)

But when the creditors then pursued the refinancers, their suit was barred. (*O'Neil*, *supra*, at pp. 598–599.) The *O'Neil* court referenced *Walker* in reaching its conclusion: "[W]hen the creditor obtains a personal deficiency judgment without first pursuing judicial foreclosure on the real property, '… he thereby loses his security interest in the real property *as against all parties* even though the debtor does not raise [section 726] as an affirmative defense in the judicial … proceedings." (*Id.* at p. 598, italics added.) This is the correct result.

When Lee loaned money to the debtor in 2012, he obtained both a note and a trust deed to secure the loan. The 2016 note merely memorialized the addition of interest accruing in the intervening years. Lee sued on the note and obtained a personal judgment. He is thus barred from pursuing a separate action against the real property collateral.

Lee analogizes the situation to those described in *Murphy v. Hellman Commercial Trust & Sav. Bank* (1919) 43 Cal.App. 579, *Nuetzel v. Mackie* (1927) 80 Cal.App. 768, and *Carson v. Reid* (1902) 137 Cal. 253. He argues based on these venerable cases that section 726 applies only to situations where the sole debtor is liable on both the note and the trust deed.

These cases are inapposite. They do not address *O'Neil*'s clear rule that, even in three-party situations, the creditor who chooses a personal judgment first is held to that decision.

5

Lee says this outcome would allow mischief, arguing property owners will escape liabilities by simply having non-owners sign notes and then waiting for unsuspecting creditors to chase the wrong debtor.  Not so.  Creditors must pursue all parties and property answerable for a debt in one suit, as Lee should have done here if he believed Yang's property was also liable for this debt.

## DISPOSITION

We affirm the order and award costs to Yang.

WILEY, J.

We concur:

STRATTON, P. J.

VIRAMONTES, J.

6